UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
CARINE M. VOLNY,

                Plaintiff,

        - against -

GRM TRANSPORT LIMITED LIABILITY
COMPANY and R. GYOKHAN MUSTAFA,

                Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
20-CV-6083 (PKC) (CLP)

PAMELA K. CHEN, United States District Judge:

On December 14, 2020, Defendants GRM Transport Limited Liability Company ("GRM Transport") and Gyokhan R. Mustafa s/h/a R. Gyokhan Mustafa filed a Notice of Removal (the "Notice") removing this action from the Supreme Court of the State of New York, Kings County, to this Court.  (Notice of Removal ("Notice"), Dkt. 1, at ECF[1] 1.)  For the reasons set forth below, this case is *sua sponte* remanded to the state court.

## BACKGROUND

Plaintiff Carine M. Volny alleges that she was injured on June 3, 2019, when a tractor truck, owned by GRM Transport and operated by Mustafa, with the permission and consent of GRM Transport and while in the course of Mustafa's employment for GRM Transport, "came into contact with" the vehicle driven by Plaintiff.  (*See generally* Complaint ("Compl."), Dkt. 1-1, ¶¶ 4−14.)  Plaintiff alleges that the accident occurred on Linden Boulevard, at or near its intersection with Bedford Avenue, in Brooklyn.  (*Id.* ¶ 14.)  Plaintiff's Complaint demands judgment against Defendants "in the sum allowed under C.P.L.R. § 3017, together with interest,

---

[1]  Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

costs, and disbursements of this action," providing that the amount of damages sought "exceed[s] the jurisdictional limits of all lower courts," but not specifying any damages amount.  (*Id.* at 7.)

In removing this matter, Defendants invoke diversity jurisdiction pursuant to 28 U.S.C. § 1332 as the basis for federal subject matter jurisdiction.  (Notice, Dkt. 1, at ECF 1, 3.)  The Notice states that "[a]ccording to the Complaint, plaintiff is a resident of the County of Kings, City and State of New York" and that "Defendants are residents and citizens of the State of New Jersey."  (*Id.* at ECF 3.)  The Notice further elaborates that (1) Mustafa "is now, and at the time of the commencement of the State action, a resident and citizen of the State of New Jersey," (2) GRM Transport "is now, and at the time of the commencement of the State Action, a Limited Liability Company registered in [the] State of New Jersey, with its principal place of business located in the State of New Jersey" and "does not maintain any offices in the State of New York," and (3) Mustafa is now, and at the time of the commencement of the State action, the only member of GRM Transport.[2]  (*Id.* at ECF 2.)[3]

---

[2]  Defendants note that prior to the commencement of the state action, GRM Transport had one additional member, Kevin Costner, who was also a resident and citizen of the State of New Jersey.  (Notice, Dkt. 1, at ECF 2.)

[3]  Although, as discussed *infra*, the Court remands this case for other reasons, the Court notes that the conclusory allegations in both the Complaint and Notice regarding Plaintiff's and Mustafa's states of residence and citizenship are insufficient to establish complete diversity of the parties.  For purposes of establishing diversity jurisdiction, an individual is considered a citizen of their state of domicile, i.e., "the place where a person has [their] true fixed home and principal establishment, and to which, whenever [they are] absent, [they have] the intention of returning." *Palazzo v. Corio*, 232 F. 3d 38, 42 (2d Cir. 2000) (quoting *Linardos v. Fortuna*, 157 F. 3d 945, 948 (2d Cir. 1998)).  "Domicile is not synonymous with residence; a party can reside in one place and be domiciled in another." *Kennedy v. Trs. of Testamentary Tr. of Will of Kennedy*, 633 F. Supp. 2d 77, 81 (S.D.N.Y. 2009) (citing *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 47–49 (1989)).  Further, "[f]or the purposes of establishing diversity jurisdiction, a limited liability company is a citizen of each state in which its individual members are citizens."  *United States Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 409 (E.D.N.Y. 2020) (citing *Castillo Grand, LLC v. Sheraton Operating Corp.*, 719 F.3d 120, 122 (2d Cir. 2013)).  Here, Mustafa's citizenship is imputed to and dictates GRM Transport's citizenship, as Mustafa is its sole member (and was at the time of the commencement of the state action).  Thus, without any allegations

With respect to the amount in controversy, the Notice states that "[b]ased upon Plaintiff's Complaint and a telephone conversation with Plaintiff's counsel on December 11, 2020, Defendants have a good faith basis to believe that the damages sought exceed[s] $75,000.00." (*Id.* at ECF 3.)  Further, the Notice states, "[i]f plaintiff stipulates that the amount in controversy is less than $75,000.00, Defendants will consent to a remand to State Court." (*Id.*)

## DISCUSSION

The Court first must address whether it may remand this case to the state court *sua sponte*, absent a motion from Plaintiff.  The relevant statute states in pertinent part:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under [S]ection 1446(a).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).  The Second Circuit has construed this statute as authorizing a district court, at any time, to remand a case *sua sponte* upon a finding that it lacks subject matter jurisdiction. *See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth.*, 435 F.3d 127, 131, 133−34 (2d Cir. 2006) (citing *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)).

Furthermore, here, as in all cases removed to the federal courts, the removing party has the burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold mandated by 28 U.S.C. § 1332(a). *See Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273−74 (2d Cir. 1994).  "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Id.* (citation omitted).  The Second Circuit

---

regarding the states in which Plaintiff and Mustafa are *domiciled*, the Court cannot determine whether there is complete diversity among the parties.

has cautioned district courts to "construe the removal statute narrowly, resolving any doubts against removability." *In re Fosamax Prods. Liab. Litig.*, No. 06-MD-1789 (JFK), 2013 WL 603187, at *2 (S.D.N.Y. Feb. 14, 2013) (quoting *Somlyo v. J. Lu-Rob Enters., Inc.*, 932 F.2d 1043, 1045−46 (2d Cir. 1991)).

Defendants fail to meet their burden to show that the $75,000 jurisdictional amount required for diversity jurisdiction has been satisfied, as they assert only that they "have a good faith basis to believe that the damages sought exceed[s] $75,000.00" based on a December 10, 2020 telephone conversation with Plaintiff's counsel, but fail to allege any facts to support this "good faith basis." (*See* Notice, Dkt. 1, at ECF 3.) Further, to the extent Defendants argue that Plaintiff's apparent failure to stipulate that the amount in controversy is less than $75,000 demonstrates that Defendants have met their burden, the Court is not convinced. *See Uddin v. Mamdani*, No. 16-CV-4385 (DLI) (RML), 2016 WL 4536870, at *2 (E.D.N.Y. Aug. 30, 2016) ("Plaintiffs' refusal to [consent to set forth an *ad damnum* less than $75,000] hardly is determinative of the amount in controversy and, therefore, is insufficient to establish that the jurisdictional amount required by 28 U.S.C. § 1332(a)." (collecting cases)); *Kum v. Walcott*, No. 12-CV-4608 (RRM) (RER), 2012 WL 4772072, at *1 (E.D.N.Y. Oct. 5, 2012) (holding that plaintiff's failure to stipulate that damages do not exceed $75,000, "does not show, by a preponderance of the evidence, that the amount-in-controversy requirement is satisfied").

Moreover, "Defendant[s] cannot meet [their] burden by relying on inferences drawn from [Plaintiff's complaint], because the Complaint does not allege a damages amount." *Herrera v. Terner*, No. 16-CV-4610 (DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016). Plaintiff

alleges only that she was damaged "in the sum allowed under C.P.L.R. § 3017,[4]" which "exceed[s] the jurisdictional limits of all lower courts."  (Compl., Dkt. 1-1, at 7.)  This mention of the "lower courts" refers to the limitation that the lower civil courts of New York may not entertain actions seeking to recover more than $25,000, and does not, in itself, show that the $75,000 jurisdictional amount has been satisfied.  *See Woodley v. Mass. Mut.*, No. 08-CV-949 (NRB), 2008 WL 2191767, at *2 (S.D.N.Y. May 23, 2008) (remanding case for failure to satisfy jurisdictional amount where defendants relied solely on *ad damnum* clause in complaint stating that plaintiff was seeking damages in excess of the "maximum monetary jurisdiction of all lower Courts" (internal citation omitted)); *id.* at *2 n.3 (collecting cases).

Finally, neither the Complaint nor the Notice contains any further information specifying the nature and extent of Plaintiff's injuries and economic losses that would permit this Court to draw a reasonable inference that the amount-in-controversy requirement has been satisfied.  The Complaint alleges that Plaintiff has

> sustained severe and serious personal injuries, and has been caused to suffer severe physical pain and mental anguish . . . [and that] some of these injuries are permanent and lasting in their nature.  Plaintiff has been rendered sick, sore, lame, and disabled [and] . . . has been incapacitated from pursuing [her] usual vocations and avocations; and [she] will, in the future be required to seek, obtain, and undergo hospital care, potential surgical care, medical care, attention, and medical treatment, in an effort to be cured of these physical and mental injuries, and to expend, and become obligated to expend sums of money in connection with the treatment of these injuries.

---

[4] The Court notes that New York Civil Practice Law and Rule Section 3017(c) does not specify a damages amount, and states in relevant part: "In an action to recover damages for personal injuries or wrongful death, the complaint, counterclaim, cross-claim, interpleader complaint, and third-party complaint shall contain a prayer for general relief but shall not state the amount of damages to which the pleader deems himself entitled.  If the action is brought in the supreme court, the pleading shall also state whether or not the amount of damages sought exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction."  N.Y. C.P.L.R. § 3017(c).

(Compl., Dkt. 1-1, ¶ 16.)  Plaintiff further alleges that she has "suffered losses greater than the basic economic losses, as defined by § 5104 of the Insurance Law of the State of New York,[5]" and has "sustained serious injuries as defined by § 5102(d) of the Insurance Law of the State of New York," including serious injuries, resulting in "significant disfigurement; a permanent loss of use of body organ, member, function, or system; a significant limitation of use of a body organ, member, function, or system; [and] a permanent consequential limitation of use of a body organ, member function or system[.]"  (*Id.* ¶ 17.)  Plaintiff also claims that she "has sustained other injuries, which may be of a non-permanent nature, but which have prevented Plaintiff from performing substantially all of [P]laintiff's usual and customary activities for a period of at least 90 days out of the first 180 days following the . . . motor vehicle accident."  (*Id.*)  Despite the ink spilled in these allegations, they are largely boilerplate, and therefore insufficient for the Court to draw any conclusion about the amount in controversy in this case.  *See Valente v. Garrison From Harrison LLC*, No. 15-CV-6522 (DLI) (MDG), 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) (remanding case because "the [c]omplaint's boilerplate allegations that [the p]laintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, will continue to suffer and will require medical attention in the future'" "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction"); *Herrera*, 2016 WL 4536871, at *2 (remanding case because "boilerplate" allegations based on Article 51 of New York Insurance Law "do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction").

---

[5] The Court notes that Section 5104 of the Insurance Law of the State of New York does not define "basic economic loss" with a specific damages amount.  *See* N.Y. Ins. Law § 5104.

Accordingly, the Court finds that the allegations provided in Defendants' Notice are insufficient to support the exercise of federal subject matter jurisdiction.[6]  Remand to the state court is therefore proper.

## CONCLUSION

For the foregoing reasons, this case is remanded to New York State Supreme Court, Kings County, under Index No. 523531/2020, for lack of federal subject matter jurisdiction.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: December 29, 2020
       Brooklyn, New York

---

[6] The Court notes that Defendants are "not without recourse to determine the amount of damages Plaintiff seeks." *Herrera*, 2016 WL 4536871, at *2. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010). "Rather than prematurely removing the action to this Court, Defendant[s] should have availed [themselves] of [N.Y. C.P.L.R. § 3017(c)], pursuant to which the state court, on motion, is to order Plaintiff to respond to a demand for total damages." *Herrera*, 2016 WL 4536871, at *2; *cf. Noguera v. Bedard*, No. 11-CV-4893 (RRM) (ALC), 2011 WL 5117598, at *2 (E.D.N.Y. Oct. 26, 2011) ("Defendants' remedy is not to presume, by plaintiff's silence, that the amount in controversy, if admitted, would confer federal subject matter jurisdiction, and thus remove the action.").